## GRAY v. LONG et al.

## No. 18,237; July 26, 1894.

### 37 Pac. 380.

**Sale—Diseased Trees.—Plaintiff Sold to Defendant** certain trees. It was provided that, on account of a disease with which the trees were affected, a certain percentage should be excepted. Defendant selected the trees and they were shipped to him in another county. On account of an ordinance of the county to which the trees were shipped, adopted after the sale, defendant was prohibited from planting therein any of the trees which were diseased, and returned the same to plaintiff, who refused to receive them. Held, that plaintiff could recover for all of the trees selected by and shipped to defendant.

**Sale—Diseased Trees.—The Fact That an Ordinance** of a county to which trees are shipped prohibits the planting of any diseased trees therein does not invalidate a sale of trees as to any diseased ones' included therein, where the sale was made in another county before the ordinance was adopted.

APPEAL from Superior Court, Fresno County; M. K. Harris, Judge.

Action by H. P. Gray against one Long and others. There was a judgment for plaintiff, and defendants appeal. Affirmed.

Frank H. Short for appellants; George E. Church for respondent.

HARRISON, J.—The plaintiff and the appellants made the following agreement at Armona, in the county of Tulare, December 2, 1891:

"This is to certify that I have this day sold Long Bros. & Co., of Fresno county, California, all my budded one year old nursery stock, amounting in all to about 25,000 trees, except what I wish for my own use, to the amount of 5,000 trees, more or less, assorted, and 10 per cent. deduction for black knot; trees to be f. o. b. cars at Armona, Cal., at the rate per tree of 14 cents, amounting to about $2,494.80, on which I acknowledge the receipt of $500; stock to be delivered

by the 1st of January, 1892. Long Bros. & Co. agree to be
on the ground to examine and accept the stock.

"H. P. GRAY.

"LONG BROS. & CO."

On or about the 1st of January, 1892, the defendants went
to the nursery of the plaintiff at Armona, and examined the
stock of trees covered by the agreement, and, after such ex-
amination, accepted fifteen thousand and fifty-eight of them,
and the same were thereupon shipped by railroad to the de-
fendants at Fresno. After the trees had been received at
Fresno one of the members of the county board of horticul-
tural commissioners of Fresno county examined them, and,
finding that many of them were affected with black knot,
notified the defendants that the trees could not be planted
in that county, and, under his directions, the defendants
shipped back to the plaintiff, six thousand one hundred and
fifty-three of the trees. The plaintiff refused to recognize the
right of the defendants to return the trees, and the defendants
refused to pay for them; whereupon this action was brought
to recover the amount due for all the trees that had been
accepted by the defendants at the price named in the con-
tract. Judgment was rendered in favor of the plaintiff, and
the defendants have appealed.

By the terms of the contract between the parties, the plain-
tiff sold to the defendants his entire stock of one year old trees,
reserving the right to retain about five thousand for his own
use. It was understood by them that some of the trees would
be affected with black knot, and they thereupon agreed that
a deduction on that account to the extent of ten per cent
of the entire amount should be made from the stock which was
sold. The contract does not provide that the trees which
might be affected with black knot shall not be embraced in
the sale, but that all of the trees are sold save such as were
reserved for the plaintiff's use, and that a deduction of ten
per cent shall be made on that account, whether the number
of trees so affected should amount to that quantity or not.
The price per tree was fixed upon this estimate, and whether
the affected trees exceeded or fell below the estimate cannot
change the amount which the defendants agreed to pay. This
is not only the natural construction to be given to the words
of the agreement, but it is the construction which the defend-

ants themselves placed upon it when they accepted the trees. Instead of objecting to all the trees that were affected with the black knot, after those so affected had been sorted out from the others, they culled these over, and took their choice of them, in order that only ten per cent of the stock might remain, and accepted them in fulfillment of the contract. After the contract had been made, the county of Fresno passed an ordinance, to take effect December 30, 1891, requiring an inspection of all fruit trees that should thereafter be brought into the county, and directing the destruction or removal from the county of such as should be found to be affected with any live scale or insect pests injurious thereto. It was under the provisions of this ordinance that the defendants were directed to return to the plaintiff a portion of the trees, as above stated; and it is now urged by them that they are not liable, therefore, for such trees, upon the ground that the contract for their purchase was in violation of this ordinance. The contract, however, was not made within the county of Fresno. By its terms the sale was made, and the trees were to be delivered in pursuance thereof, within the county of Tulare; and it is not contended that there was any ordinance of the county of Tulare by which such contract would be affected. Moreover, at the time the contract was entered into, the ordinance had not been adopted in the county of Fresno. For these reasons, this contention of the appellants cannot be maintained. The judgment and order are affirmed.

We concur: Garoutte, J.; Van Fleet, J.